UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

JUDITH COOPER - KINSLER,

          PLAINTIFF,

-AGAINST-

SMITH, CARROAD, LEVY & FINKEL, LLP,

          DEFENDANT.

----------------------------------------------------------------x

**Complaint for Violations of the Fair Debt Collection Practices Act**

**JURY TRIAL DEMANDED**

PLATT, J.

BOYLE, M.J

## INTRODUCTION

1.    This is an action for actual, statutory and punitive damages brought by plaintiff JUDITH COOPER - KINSLER, an individual consumer, against defendant SMITH, CARROAD, LEVY & FINKEL, LLP. ("defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and for a common law Abuse of Process claim. Defendant violated the FDCPA by wrongfully obtaining a default judgment against the plaintiff and enforcing said default judgment, which caused plaintiff to incur substantial economic and emotional damages. Despite knowledge of its unlawful activities, defendant continued to take advantage of its illegal conduct by placing liens on the plaintiff's bank accounts and trying to obtain a more favorable settlement from the plaintiff.

1

In fact, even after admitting its "mistake," the defendant has refused to vacate the default judgment or remove all of the restraints it placed on the plaintiff's bank accounts.

## JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. This Court has supplemental jurisdiction of the state law claims asserted herein under 28 U.S.C. § 1367(a) and pendant jurisdiction over the state common law claims asserted herein. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.  Plaintiff JUDITH COOPER - KINSLER is a natural person residing in Queens County, New York.

4.  Defendant SMITH, CARROAD, LEVY & FINKEL, LLP is a New York law firm engaged in the business of collecting debts in this state with its principal place of business located in Commack, New York. Defendant regularly attempts to collect debts allegedly due to another, and is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

## FACTUAL ALLEGATIONS

5.  On or about March 14, 2007, defendant filed a Summons and Verified Complaint as counsel for Franklin Hospital Medical Center against Ms. Cooper – Kinsler to collect a debt allegedly owed by her for hospital and/or medical services.

6.  During defendant's representation of Franklin Hospital Medical Center, the plaintiff explained to the defendant that she was disabled and on a very limited income.

7. On or about August 2007, defendant and Ms. Cooper – Kinsler entered into a Stipulation of Settlement whereby Ms. Cooper – Kinsler would pay the defendant "$50 on August 15, 2007 and thereafter $50 on the 15TH day of each and every succeeding month until the total sum of $2,215.00 is paid . . . ."

8. Sometime thereafter, defendant and Ms. Cooper – Kinsler orally agreed that Ms. Cooper – Kinsler would make payments of $100 every other month instead of monthly payments of $50.

9. Pursuant to the Stipulation of Settlement, Ms. Cooper – Kinsler made payments in the amount of $100 on or before August 29, 2007, October 17, 2007, December 20, 2007 and February 12, 2008, covering payments for August 2007 through March 2008.

10. The February 12th, 2008 payment specifically stated in the check that the payment was for both February and March 2008. Similarly, all or most of the prior and subsequent checks the plaintiff mailed to the defendant indicated that the payments covered two months.

11. Notwithstanding that the plaintiff had made of all her required payments, however, the defendant moved for a Default Judgment against Ms. Cooper – Kinsler on or about April 4, 2008 without providing Ms. Cooper – Kinsler with the requisite 7 days notice as detailed in the Stipulation of Settlement. In the Request for Default, the defendant implicitly acknowledges that Ms. Cooper – Kinsler was not in default of the Stipulation by stating that she had already made payments totaling $400 - which was the entire amount due at that point pursuant to the terms of the stipulated settlement.

12. On or about April 28, 2008, the defendant sent out Restraining Notices to Chase Manhattan Bank, Citibank and Banco Popular North America regarding the plaintiff.

13. Upon receipt of the Restraining Notices both banks froze the plaintiff's bank accounts in April or May 2008 and charged her at least several hundred dollars in restraint and bounced check fees.

14. After taking the unlawful default judgment against the plaintiff, the defendant began to call Ms. Cooper-Kinsler up to 5 or 6 times a day in order to harass her into making more and larger payments on the subject account. The defendant also repeatedly mocked the fact that the plaintiff had multiple last names. The plaintiff would repeatedly explain to the defendant that she had made all of her payments under the stipulated settlement and begged the defendant for leniency based upon her dealing with breast cancer at the time.

15. As a result of the stress caused by the defendant's unlawful conduct, the plaintiff's was forced to delay the treatment of her cancer until she was better emotionally prepared to handle her treatments.

16. The default judgment was also placed on the plaintiff's credit reports and caused her numerous denials of credit and the closing of her current credit accounts.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

17. The plaintiff hereby realleges in incorporates by reference each of the allegations alleged above.

4

18. Plaintiff JUDITH COOPER – KINSLER is a "consumer" as that term is used in 15 U.S.C. § 1692a(3).

19. Defendant SMITH, CARROAD, LEVY & FINKEL, LLP is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

20. The alleged debt underlying plaintiff's complaint is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

21. Defendant violated 15 U.S.C. §§ 1692f and 1692f(1) by attempting to collect an amount from the plaintiff which was not expressly authorized or permitted by law when it (a) requested and obtained a default judgment against the plaintiff even though the plaintiff was not in fact in default of the stipulated settlement, and (b) restrained the plaintiff's bank accounts.

22. Defendant violated 15 U.S.C. §§ 1692f and 1692f(1) by attempting to collect an amount from the plaintiff which was not expressly authorized or permitted by law when it obtained a default judgment against the plaintiff when she was not in fact in default of the stipulated settlement agreement and further used that unlawfully obtained default judgment to restrain the plaintiff's bank accounts.

23. Defendant violated 15 U.S.C. §§ 1692(e), 1692e(2) and 1692e(10) by falsely representing the legal status of a debt when it made an application which falsely informed the Hempstead District Court that Ms. Kinsler-Cooper had defaulted on the stipulate settlement.

24. Defendant violated 15 U.S.C. § 1692d, 1692d(2) and 1692(d)(5) by repeatedly calling the plaintiff multiple times per day after unlawfully taking the default judgment against her and by mocking the plaintiff's multiple last names and prior marital history.

25. The plaintiff is entitled to an award of actual and statutory damages for the defendant's unlawful conduct, in addition to an award of costs and attorney's fees, pursuant to 15 U.S.C. § 1692k.

## SECOND CAUSE OF ACTION
### ABUSE OF PROCESS

26. The plaintiff hereby realleges in incorporates by reference each of the allegations alleged above.

27. The default judgment and liens the defendant placed on the plaintiff's bank accounts constituted regularly issued civil processes which interfered with the plaintiff's property.

28. The defendant obtained the default judgment and restraint with the intent of harming plaintiff without excuse or justification.

29. The defendant used the default judgment and restraint of the plaintiff's bank accounts in a perverted manner to obtain a collateral objective. Specifically, the defendant unlawfully took the default judgment and unlawfully restrained her bank accounts to both seize the plaintiff's property without justification and also to use as leverage to coerce the defendant into agreeing to a more favorable settlement of her claims with the defendant.

30. As a direct and proximate result of such conduct, the plaintiff suffered actual

economic damages and emotional distress.

31. Defendant is liable to the plaintiff for the actual damages she has sustained by reason of such conduct.

32. The plaintiff is further entitled to an award of punitive damages from the defendant in an amount sufficient to punish it for its conduct as well as to serve as a deterrent to it and to others to prevent the occurrence of such egregious conduct in the future.

**WHEREFORE,** the plaintiff respectfully requests that judgment be entered as follows:

A. Awarding the plaintiff actual damages pursuant to 15 USC § 1692k(a)(1).

B. Awarding the plaintiff statutory damages pursuant to 15 USC § 1692k(a)(2)(A).

C. Awarding the plaintiff attorney's fees and costs pursuant to 15 USC § 1692k(a)(3).

D. Awarding the plaintiff actual and punitive damages pursuant to the second cause of action;

E. Granting such other and further relief as the Court deems just.

### DEMAND FOR JURY TRIAL

Please take notice that plaintiff JUDITH COOPER - KINSLER demands trial by jury in this action.

Dated: March 27, 2009
New York, NY

Kevin C. Mallon (kcm 4798)
Fishman & Neil, LLP
305 Broadway, Suite 900
New York, NY 10007
(212) 822-1474